UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DENNIS NELSON,

                              Plaintiff,

        vs.                                                    9:10-cv-1568
                                                               (MAD/DEP)

BRIAN DOUGHERTY, RN II, Marcy
Correctional Facility; SANDRA MARTIN-KARAS,
Nurse Administrator, Marcy Correctional Facility;
and CARL J. KOENIGSMANN, MD, Dept.
Commissioner/Chief Medical Officer at DOCS,

                              Defendants.

_____

APPEARANCES:                                OF COUNSEL:

DENNIS NELSON
94-B-0694
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff *pro se*

OFFICE OF THE NEW YORK                      DEAN J. HIGGINS, AAG
STATE ATTORNEY GENERAL
The Capitol
Albany, New York 12224
Attorneys for Defendants

Mae A. D'Agostino, U.S. District Judge:

## DECISION AND ORDER

## I. INTRODUCTION

On December 23, 2010, Plaintiff commenced this civil rights action alleging that he has

been denied appropriate medical care and treatment for a long-standing stasis ulcer on his lower

left leg, which he claims needs to be amputated, in violation of his Eighth Amendment rights. *See*

Dkt. No. 1.  Plaintiff's complaint seeks recovery of $9,999.99 from each Defendant and an order

directing his transfer to one of two other correctional facilities where he claims there are hospitals

available that could provide him with better treatment.  *See id.*

In a February 2, 2011 Order, Magistrate Judge Peebles granted Plaintiff's request to

proceed with this action *in forma pauperis*.  *See* Dkt. No. 8.  Specifically, Magistrate Judge

Peebles found that, although Plaintiff has accumulated more than three strikes for purposes of 28

U.S.C. § 1915(g), Plaintiff's complaint sufficiently alleges that he is in imminent danger of

serious physical injury.  *See id.* at 4-6.  Magistrate Judge Peebles also noted, however, that this

was only a preliminary finding and that the Court may revoke Plaintiff's *in forma pauperis* status

if, as the case progresses, the Court concludes that he did not face imminent danger of serious

physical injury when he commenced this action.  *See id.* at 6.

On January 6, 2012, Defendants filed a motion for summary judgment seeking dismissal

of Plaintiff's complaint.  *See* Dkt. No. 25.  In their motion, Defendants request revocation of

Plaintiff's *in forma pauperis* status and further argue that (1) Plaintiff's Eighth Amendment cause

of action lacks merit; (2) Defendants Martin-Karas and Koenigsmann were not personally

involved in the alleged constitutional violations; and (3) Plaintiff's request for a transfer to a

different facility fails to state a cause of action.  *See id.*  Plaintiff did not submit any opposition to

Defendants' motion.

In an August 13, 2012 Report and Recommendation, Magistrate Judge Peebles

recommended that the Court revoke Plaintiff's *in forma pauperis* status.  *See* Dkt. No. 33.

Magistrate Judge Peebles first noted that it is "firmly established that prior to commencing this

action plaintiff had accumulated three or more strikes falling within section 1915(g)," and further

noted that Plaintiff has filed fifty-four (54) actions in the district courts which comprise the

Second Circuit.  *See id.* at 10.  Next, Magistrate Judge Peebles found that Plaintiff's ongoing leg

condition has been the subject of several lawsuits by Plaintiff filed in this district as well as others

in the Second Circuit, and that a number of courts have concluded that his leg condition does not

rise to the level of imminent danger. *See id.* at 14-16 (citing cases). After reviewing those cases

and the record in the present matter, Magistrate Judge Peebles concluded "that there is nothing to

suggest that plaintiff's leg ulcer condition had materially deteriorated by the time that he filed this

lawsuit, . . . and therefore find no basis to disagree with those judges who have previously

determined that Nelson's chronic leg wound is insufficient to support the imminent danger

exception." *See id.* at 17. Finally, Magistrate Judge Peebles did not reach the merits of

Defendants' motion for summary judgment on the merits of Plaintiff's claim, recommending that

the motion be stayed and only considered if Plaintiff either files the required filing fee. *See id.* at

20.

On August 20, 2012, Plaintiff objected to Magistrate Judge Peebles' Report and

Recommendation. *See* Dkt. No. 34. In his objection, Plaintiff argues again that he is in imminent

danger of serious physical injury because of the infection on his lower left leg. *See id.* at 1.

Plaintiff claims that the Court should order an outside hospital to exam his leg and that he never

rubbed feces in his leg, as Defendants have alleged. *See id.* Further, Plaintiff argues that any

harm he has caused himself is the result of solitary confinement and the psychological issues such

confinement has caused him. *See id.* at 2. Finally, Plaintiff claims that he has brought this suit

pursuant to the Americans with Disabilities Act and that he is actually seeking $5.5 million

dollars in damages. *See id.*

## II. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the

3

district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Peebles' August 13, 2012 Report and Recommendation and the applicable law, the Court concludes that Magistrate Judge Peebles correctly determined that Plaintiff's *in forma pauperis* status should be revoked. When Plaintiff commenced this suit, it

is beyond question that he had accumulated more than three strikes for purposes of 28 U.S.C. §

1915(g) – a finding that Plaintiff has not contested. *See, e.g., Nelson v. Warren*, No. 10–CV–990,

2011 WL 7445581, *1 (N.D.N.Y. Dec. 12, 2011); *Nelson v. Warren*, No. 9:10-CV-990, 2012 WL

685755, *4 (N.D.N.Y. Mar. 2, 2012); *Nelson v. Wright*, No. 9:10-CV-997, 2011 WL 6031392

(N.D.N.Y. Oct. 20, 2011), report and recommendation adopted, 2011 WL 6030994 (N.D.N.Y.

Dec. 5, 2011); *Nelson v. Scoggy*, No. 9:06-CV-1146, 2008 WL 4401874, *1 (N.D.N.Y. Sept. 24,

2008); *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, *1 (N.D.N.Y. Jan. 29, 2008);

*Nelson v. Hamel*, No. 9:07-CV-0540 (N.D.N.Y. July 26, 2007).

Moreover, Magistrate Judge Peebles correctly determined that Plaintiff was not in

imminent danger of serious physical injury at the time he filed his complaint. *See Chavis v.

Chappius*, 618 F.3d 162, 169-70 (2d Cir. 2010) (holding that "imminent danger" must be

evaluated at the time the complaint was filed). A review of the medical records clearly shows that

Plaintiff received daily medical attention for his left leg ulcer while he was housed at Marcy

Correctional Facility. Moreover, the medical records make clear that, although the condition of

his wound varied at times, Plaintiff was the principal cause of any deterioration of his condition

by frequently refusing medical treatment, as well as engaging in self mutilation. Immediately

preceding Plaintiff's filing of this action, he was prescribed and received daily whirlpool

treatment in addition to daily dressing changes. *See* Dkt. No. 29-3 at 1118. Throughout

December, however, Plaintiff refused these prescribed treatments on three different occasions

each. Despite Plaintiff's refusals on these occasions, Plaintiff's ambulatory health record dated

December 15, 2010 notes an improvement in the previously observed necrosis and recommends

continuing his whirlpool treatments. *See* Dkt. No. 27-2 at 1165. As other courts throughout the

Northern District of New York have found, Plaintiff's condition and complained of treatment fail

5

to meet the standard that he was in imminent danger of serious physical injury at the time he commenced this action.

Based on the foregoing, the Court finds that the record in this matter fails to disclose a basis to conclude that, at the time this action was filed, Plaintiff was in imminent danger of serious physical injury, even under the arguably relaxed standard announced by the Second Circuit in *Chavis*.  As such, the Court grants Defendants' motion for summary judgment insofar as they seek the revocation of Plaintiff's *in forma pauperis* status.

### III. CONCLUSION

After carefully considering Magistrate Judge Peebles' Report and Recommendation, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 13, 2012 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's *in forma pauperis* status is **REVOKED**; and the Court further

**ORDERS** that Plaintiff shall pay the required **$350 statutory filing fee** within **THIRTY (30) DAYS** of the date of this Decision and Order if he wishes to proceed with this action; and the Court further

**ORDERS** that, if Plaintiff fails to pay the **$350 statutory filing fee** within **THIRTY (30) DAYS** of the date of this Decision and Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of the Court; and the Court further

**ORDERS** that the substantive portions of Defendants' motion for summary judgment (Dkt. No. 25) is **DENIED without prejudice to renew** in the event that Plaintiff pays the

statutory filing fee; and the Court further

      **ORDERS** that the Clerk of the Court shall serve the parties with a copy of this

Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 12, 2012
        Albany, New York

Mae A. D'Agostino
U.S. District Judge